In re Harrington, Karen Pine appearing for appellant, Jamie Dreher appearing for appellee. Okay, Ms. Pine, am I correct that you're not able to join us by video today, that there was a connection problem, so your phone audio only? Yes, you're correct, your honor. Okay, all right, you want to reserve some time for rebuttal? No, your honor. Okay, you may proceed. In light of the panel having read the pleadings in the matter and the brief, I could start by answering any questions or concerns they have, or I could give a brief summary, I'm fine either way. It's up to you. Okay, I will go ahead and take their questions. All right. All right, so your focus, this is Judge Brand, your focus in your brief seems to be on the exclusion of the evidence and based on the granting of the motion in limine by Judge Klein. Can you tell me why you think that that was important and why that should require us to be diverse in this case? Okay, thank you, your honor. What brought about the whole situation with the lawsuit to start with was the conduct of the county. The merits of the underlying case were never heard or considered because of this bifurcation issue in regards to the serving of the claim form prior to proceeding. Our client was understanding it was properly served based on testimony under oath of our process server. So the total merits of the case were never considered and they were not considered by the bankruptcy court in regards to her defense of unclean hands that the conduct of the county brought the whole situation to head, including having to serve the claim form and the whole attorney fee award that now has been determined undischargeable. And if she'd been able to present her evidence of the county's conduct, that it should have been considered before making that determination. So, but it sounds like you're looking for a second bite at the apple for the underlying state court dispute and the bankruptcy court. And so aren't we bound by the state court's decision on that? And wouldn't you have to seek any remedy there? I mean, I know you said that you thought that testimony had been recanted and isn't that a remedy to seek in state court? Well, the debtor believed that the court should consider it. The county has never made a determination of the underlying merits, only that the tort claim portion had never been properly served. But not of the underlying. You're still pursuing the inverse condemnation claim separately in state court, right? Yes, we are.  That is correct. Judge Corbett, did you have a question? I think I interrupted you. Well, no, I was interrupting you. I'm sorry, Judge Brand, but I was going to ask the same question. Really, it appears here, Ms. Pine, that what you're asking us to do is review what the state court did. And our job here is to review what the bankruptcy court did. Your Honor, we're asking that the court consider the evidence that's never been presented in the county's civil case to determine whether it should be dischargeable based on the county's debt. Well, let me jump in for a second. I mean, this is an appellate court. We don't consider factual. You know, we're not going to make findings here, right? I mean, I'm not sure what it is you think we're going to do. I mean, and the second part of my question is, I think Judge Klein went fairly exhaustively through the factors for 523A7. And certainly, if you have any comments on a mistake you think he made there, now's the time to tell us, because that's what he thought he was doing. And that's what we think we're reviewing. So I'm all ears. If you've got any problem with any of his conclusions about 523A7, now's the time to tell us. We have not argued that, nor are we going to.  It was strict in regards to the county's conduct that we would like the court to consider. Okay. I don't have any more questions. Did you want to make some statements? I think everything's in our pleadings. I rest on our papers. Thank you for your time and consideration. Well, I have no further questions. Judge Corbett, how about you? No, no further questions. Okay. Thank you, Ms. Pine. Thank you. Okay. Mr. Dreher, you want to? Thank you, Your Honor. Yes, briefly. I'd just like to make a few kind of statements and hit a few high points, and then answer any questions the panel may have. Jamie Dreher, representing the County of El Dorado. First, I think I understand from the panel's questions that Your Honors fully understand the procedural posture, which is these defenses and issues that Appellant attempted to raise in the bankruptcy court, or more probably raised in the state court. There's ongoing proceedings there. She has whatever further or additional remedies she has in the state court. I guess the highlights or the things I'd like to focus on are, one, to remind the panel that sanctions awards, which I consider this to be, even though the statute itself doesn't use the word sanctions, do have preclusive effect in subsequent non-dischargeability litigation. We cited the N. Ray Zelis, Z-E-L-I-S, case in our brief. That is in respect to, or should I say, it was a 523A6 case that Zelis was, but I think the principle remains. Secondly, there are multiple BAP and Ninth Circuit cases discussing prevention of the relitigation of previously concluded matters, including N. Ray Florida, which I felt was an important case and I'd like to highlight. And Florida is the person's name, not the state, I thought was interesting. So it's N. Ray Florida at 164BR636, and that is a Ninth Circuit BAP case out of 1994. Again, it was a 523A6 case, but the point the court made there, or I'm going to read a brief quote, which says, a bankruptcy court is precluded from determining the issue of willful malicious conduct once the issue is settled in prior litigation, citing the Grogan v. Garner case I think we're all familiar with. Well, assuming that it's the same standard, right? Agreed. Remembering Pliam, right? Which says sometimes it isn't. I agree. I agree, Your Honor, yes. And the point of this quote actually is the next part to me, which is, new defenses are barred by the judgment. The bankruptcy court is not a last chance forum permitting a judgment debtor to relitigate de novo issues decided in prior litigation. May I ask a question? I don't want you to pat the muse unnecessarily, but Judge Klein did allow a pleading gray unclean hands. What's the implication of that, given that he also granted the motion in limp? I don't know what the implication is, Your Honor, except that I can tell you what happened during the case and during the litigation of that issue with respect to the debtor filed a motion for leave to amend to add the unclean hands defense. We opposed it on the base that eventually became part of, reflected actually in Judge Klein's ultimate ruling. But I will tell you that the conversation with the judge during the hearing on the motion for leave to amend was, leave to amend should be freely given. And at this stage, there's no reason not to deny them positing the additional defense will address the merits later. And that's exactly what's going on. You can say from a pleading standpoint, you can plead it, but I reserve the right to determine that it's not relevant or whatever, however you want to put it, right? That's what he did. All right. Got it. Yeah. The other case that I felt was important to highlight, which actually did discuss what I would call additional subsequent post-final judgment attacks and defenses actually is the In Re Liu case, L-Y-U. That's a Ninth Circuit BAP 2020 case, which you may all be familiar with. It's 611-BR-864, one of the holdings of which is that, well, the court, the BAP in that case precluded attacking prior final orders by the attempt to raise new defenses. In that case, it was unclean hands, breach of fiduciary, and estoppel. With respect to the specific elements of 523-A-7, I believe that this case and this state statute is really on all fours with the In Re Searcy BAP case, which determined or looked at the effect of an Idaho statute in that case, which was designed to and did award sanctions for frivolous litigation by prisoners against governmental entities. This California statute, it's not prisoners, but it is designed to, and in our briefing, we point out there's, I don't have the legislative history, but there's cases discussing it. It's designed to deter frivolous litigation against governmental entities in California because governmental entities are constitutionally limited in filing malicious prosecution cases against litigants. As I think the constitutional matter relates to litigants, the right to petition the court for redress. So this statute is designed to, and what it's used for, is to, because of that kind of limitation of malicious prosecution rights, sanction litigants for, I call it frivolous conduct, but the specific terms of the statute are actually what matter, and it's pursuing unjustified litigation, which, I mean, there's no question that's actually what happened here. And Judge Brand asked the question about a second bite at an apple. I mean, we call this the fifth bite at the apple. I mean, there's the motion proceedings, multiple levels of appeal, and again, the request to the bankruptcy court, and I guess now we're here on the same issue. Just some final, just additional notes to point out for consideration. One is to remind the panel that Judge Klein also held the debt non-dischargeable under 523-A-6, finding it akin to a sanction. I found that a little surprising since the trial was limited to 523-A-7, and the debtor had no opportunity to be heard on that issue. He just ruled. So I'm wondering if that's error right there. Thank you, Your Honor. I wasn't expecting that ruling when the opinion came out. This case does have a tortured five-year kind of procedural history with various stays and multiple judges, requests for summary judgment that limited the issues. And when we did eventually get, finally get to trial in front of Judge Klein, you're correct that we believe that the 523-A-7 issue was the central. And the way we, the way my client and me were thinking about it was, we believe that it's apparent that it is non-dischargeable under 523-A-7, which really is kind of a, for the most part, a legal issue. So we believe it'll provide like a streamlined proceeding, a streamlined trial. And it did, and we were able to, with counsel, do stipulated facts and stipulated documents. So that was the thinking behind that kind of bifurcation. With respect to the appellate issue of whether that's reversible error or not, I think to me, I don't want to say it doesn't matter, it's out there, but it doesn't because I think the panel can affirm on the 523-A-7 issue and leave it at that. And just affirming for that reason on the record, whether or not the 523-A-6 findings stands or not, if the panel affirms the 523-A-7 judgment, then I believe it's not reversible error, i.e. it doesn't matter. Yeah. Counsel, in other words, it doesn't matter if we find that A-7 is sufficient grounds for the ruling, it doesn't matter whether A-6 decision was wrong or right. That's, yes, that's, yeah, thank you. That's a summary of my response, yes. All right, any other questions? No, okay. None for me. Thank you. The matter is submitted. We'll get you a written decision as soon as we can. Thank you very much for your good arguments. Thank you very much. Thank you. Okay, let's call the next matter.
judges: Lafferty, Brand, and Corbit